UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Marlon Andre Wilson,** | ) |
| | ) |
|         **Petitioner,** | ) |
| | ) |
|         v. | )   Civil Action No.  12-1700 (ESH) |
| | ) |
| **United States Parole Commission,** | ) |
| | ) |
|         **Respondent.** | ) |

**MEMORANDUM OPINION**

Petitioner, proceeding *pro se*, filed this action on October 17, 2012, for a writ of *habeas corpus* under 28 U.S.C. § 2241, while confined at the District of Columbia Jail on a parole violator warrant executed on August 27, 2012.  (Pet. at 1.)  Petitioner claims that his current confinement violates the due process clause and federal regulations because the United States Parole Commission ("Commission") denied him a timely probable cause hearing and failed to provide counsel to represent him.  (*Id*. at 2, 4-5, 7-9.)  Petitioner seeks an appointment of counsel to represent him "for revocation" and his release "pending revocation and probable cause." (*Id*. at 9.)

In its initial opposition, the Commission argues that petitioner's claim based on the denial of counsel is moot because the Federal Public Defender for the District of Columbia has agreed to represent petitioner during revocation proceedings in the District of Columbia.  (U.S. Parole Commission's Opp'n to Pet'r's Pet. for a Writ of Habeas Corpus [Dkt. # 6] at 5-6.)  In a supplemental opposition filed on November 24, 2012, the Commission suggests that this action is moot because the Commission has now "found probable cause to believe that the petitioner

has violated the conditions of his release based on four violations of law." (U.S. Parole Commission's Supplement to Its Opp'n to Pet'r's Pet. for a Writ of Habeas Corpus ¶ 2 [Dkt. # 8] & Ex. A. [Nov. 15, 2012, Letter].) The Court agrees and will therefore deny the petition and dismiss the case on the grounds of mootness.

## BACKGROUND

This action arises out of petitioner's aggregate sentence of 24 to 36 months' incarceration followed by three years' supervised release imposed by the Superior Court of the District of Columbia on September 21, 2007. (Resp't's Opp'n., Ex. 1.) On May 28, 2010, petitioner began serving the supervised release term. (*Id*. at 1 & Ex. 2.) On August 24, 2011, the Commission issued a violator warrant for petitioner's arrest, citing seven violations of the terms of petitioner's supervised release that included four charges of criminal behavior. (Resp't's Exs. 6, 7.) On October 11, 2011, petitioner pleaded guilty in three separate cases in the Circuit Court for Montgomery County, Maryland, to credit card fraud and theft, and on June 26, 2012, petitioner was sentenced by the Circuit Court of Fairfax County, Virginia, to five years' imprisonment following his conviction for forging a public record on March 5, 2011. (Resp't's Exs. 8, 9, 10, 12, 13.)

The United States Marshals Service executed the Commission's violator warrant on August 27, 2012, by arresting petitioner and detaining him at the D.C. Jail. (Resp't's Ex. 6.) The Commission supplemented its charges on August 29, 2012, and September 5, 2012, to include petitioner's convictions in Maryland and Virginia. (Resp't's Exs. 13, 14.)

The Commission scheduled a probable cause hearing on September 4, 2012. According to the handwritten notes in the D.C. Probable Cause Hearing Digest, the Public Defender Service for the District of Columbia ("PDS") could not represent petitioner since he had filed suit against

that office. (Resp't's Ex. 15) [Dkt. # 6-16]); *see* 28 C.F.R. § 2.214(b) (designating PDS as counsel for supervisees facing probable cause hearings). The probable cause hearing was continued at petitioner's request "to secure atty representation" either from his "Atty in MD" or "Georgetown." (Ex. 15 at 3.) Petitioner's version of the proceeding is that the hearing examiner denied "his request to go forward" on September 4, 2012, and "informed [him] that he needs [sic] counsel to contact Georgetown law clinic." Pet. at 8. In any event, the hearing was continued to September 10, 2012 (Ex. 15 at 3), but occurred on September 11, 2012. (Resp't's Ex. 16 (Examiner's Memorandum).)

According to the hearing examiner's account of the rescheduled hearing on September 11, 2012, petitioner refused to proceed without counsel but did not want to continue the hearing. (Ex. 16.) Petitioner refused to sign a form indicating his request for or waiver of counsel. (*Id*.) Therefore, the hearing examiner was "prompted" by petitioner's "response and [] lack of cooperation . . . to select on the Probable Cause Digest that [petitioner] will have a [combined] Probable Cause/Revocation Hearing." (*Id*.) Eventually, petitioner signed the form on November 2, 2012, and applied for representation by the Federal Public Defender for the District of Columbia. (Resp't's Ex. 17.) On November 20, 2012, Federal Public Defender A. J. Kramer informed Assistant United States Attorney Sherri Berthrong that he was no longer representing petitioner "as a result of [petitioner's] request that the office not represent him due to a conflict of interest." (Suppl. Opp'n, Ex. B.)

Meanwhile, the Commission informed petitioner on November 15, 2012, that it had found "[p]robable cause . . . based on your guilty plea/conviction to each of [four listed] charges." (*Id*., Ex. A.) In a letter dated November 20, 2012, addressed to the Designation and Sentence Computation Center, the Commission determined that petitioner "should be designated

to a Federal Bureau of Prisons institution for his revocation hearing" and requested that petitioner be so designated. (*Id*., Ex. C.) According to the Bureau of Prisons' Inmate Locator, http://www.bop.gov, petitioner is currently at the Federal Detention Center in Philadelphia, Pennsylvania.

## DISCUSSION

District of Columbia prisoners are entitled to habeas corpus relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A delayed hearing to comport with due process does not merit habeas relief absent a showing that the delay was "both unreasonable and prejudicial." *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). Even then, in most circumstances applicable here "[t]he appropriate remedy . . . is a writ of mandamus to compel the Commission's compliance with the [parole] statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence." *Id*.

Petitioner is not entitled to mandamus relief because the Commission has since found probable cause to detain him for a revocation hearing. *See Jones v. Wainwright*, 744 F. Supp. 2d 341, 343-44 (D.D.C. 2010) ("[B]ecause the USPC already has conducted both [probable cause and revocation] hearings, petitioner is not entitled to mandamus relief.") (citing *Colts v. U.S. Parole Comm'n*, 531 F.Supp.2d 8, 11 (D.D.C. 2008)). Furthermore, the delay in providing petitioner with a probable cause hearing was not unreasonable, since it was caused, not by the Commission, but by petitioner's conflicts with PDS and the FPD and his apparent unwillingness to proceed without counsel. Even if petitioner could show unreasonable delay, he would not be entitled to the writ because he has not shown the requisite prejudice. At the time of his arrest, petitioner was (and remains) "under custody" for the convictions supporting the violator warrant.

*Sutherland*. 709 F.2d at 732. Therefore, petitioner cannot credibly assert that he would have been released but for the delayed probable cause hearing or that the delay deprived him of a hearing to which he was entitled. *See* 28 C.F.R. § 2.214(h) ("Conviction of any crime committed subsequent to the commencement of a term of supervised release" is conclusive evidence of probable cause, "and no probable cause hearing shall be conducted unless a hearing is needed to consider additional violation charges that may be determinative of the Commission's decision whether to revoke supervised release.")

## CONCLUSION

For the foregoing reasons, the Court finds petitioner's grounds for habeas relief to be moot and, therefore, will deny the petition and dismiss the case. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 15, 2013